**Dan FINCH et ux., Appellants,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 8347.

Court of Civil Appeals of Texas, Texarkana.

March 9, 1976.

Rehearing Denied April 13, 1976.

John E. Agnew, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

Wayne Pearson, Burford, Ryburn & Ford, Dallas, for appellee.

CORNELIUS, Justice.

This is a breach of contract suit brought by Dan Finch and wife against Texas Employers' Insurance Association based upon a compromise settlement agreement which paid Finch $40,194.93 in workmen's compensation and medical benefits for total and permanent disability, and provided that Texas Employers' would ". . . pay for all future hospital and medical expenses, if any, . . . authorized in advance by the association." Finch alleged that Texas Employers' refused to pay for certain nursing services he had incurred since the settlement, and that it committed an anticipatory breach of the agreement by refusing to authorize future services and by repudiating any obligation on its part to pay for them. Finch sought to recover the value of nursing services previously performed by his wife, and damages amounting to the value of future nursing services for the remainder of his life.

After settling his workmen's compensation claim with Texas Employers', Finch had brought a third party tort action against Big Chief Drilling Company, alleging it was responsible for his injuries. As a result of that suit, Finch was awarded $250,000.00, and out of that award Texas Employers' was reimbursed for the initial benefits it had paid Finch pursuant to the settlement agreement.

The trial court granted Texas Employers' motion for summary judgment, which contended that Finch could not recover because (1) by reason of Sec. 6a of Article 8307, Tex.Rev.Civ.Stat.Ann., Finch's recovery in the third party tort action waived his right to future medical expenses under the compromise settlement agreement, or in the alternative, Texas Employers' was subrogated to Finch's third party recovery to the extent that it had no liability for medical expenses until the award in the third party action was first used for those purposes, (2) no "medical services" as contemplated by the compromise settlement agreement had actually been performed, and (3) no recovery could be had for medical services not yet performed.

Article 8307, Sec. 6a, as amended in 1973, provides that the net amount recovered from a third party action shall be applied to reimburse the association for past benefits and medical expenses it has paid, and any amount in excess of those benefits shall be treated as an advance against future benefit payments of compensation which the injured party is entitled to receive. But the events pertinent to this cause of action occurred prior to the 1973 amendment when Sec. 6a provided in part as follows:

"Where the injury . . . was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person . . . or against the association . . . but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employé . . . then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce . . . the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé . . . then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall

be paid to the injured employé . . ."

 There is no equitable right of subrogation as to workmen's compensation benefits paid by an insurance carrier. *Fidelity Union Casualty Co. v. Texas Power & Light Co.*, 35 S.W.2d 782 (Tex.Civ.App. Dallas 1931, writ ref'd); *Fox v. Dallas Hotel Co.*, 111 Tex. 461, 240 S.W. 517 (1922); *Aetna Life Ins. Co. v. Otis Elevator*, 204 S.W. 376 (Tex.Civ.App. Galveston 1918, writ ref'd). Therefore, Texas Employers' subrogation rights as to future medical expenses in this case must be found, if at all, in Sec. 6a as it existed prior to the 1973 amendment. In construing that section our Supreme Court said in *Watson v. Glen Falls Insurance Company*, 505 S.W.2d 793 (Tex.1974):

> "The legislators . . . did not draft the statute with future medical payments in mind; the objective was to protect the compensation carrier's *subrogation rights to the initial award.* Medical payments were nonexistent in 1917."

> . . . . .

> "A harmonizing of the statute leaves only one conclusion; the Legislature did not intend to include future medical payments within the election provision of Section 6a. The recent amendment to Section 6a bears this out. Section 6a *now considers* any excess over the initial compensation claim recovered in a third-party action *as an advance against future medical payments.*" (emphasis supplied).

. . . . .

 Since Sec. 6a prior to its amendment did not apply to future medical expenses, Finch's recovery in the third party action did not waive his right to them, and Texas Employers' subrogation rights extended only to the initial benefits paid under the terms of the compromise settlement agreement.

 As shown by the motions for summary judgment and supporting proof, there are genuine issues of fact as to whether nursing services of the character covered by the compromise settlement agreement had actually been performed, and whether Tex-

as Employers' had refused to authorize future services in such a way as would constitute an anticipatory breach of its agreement, for which damages would be recoverable. See 13 Tex.Jur.2d, Contracts, Sec. 309, p. 562; Sec. 315, p. 572; Sec. 316, p. 574. Summary judgment was therefore improper.

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.