**GRANITE STATE INSURANCE CO., Appellant,**

v.

**Gary Dwayne FIREBAUGH, Appellee.**

No. 5089.

Court of Civil Appeals of Texas, Eastland.

Nov. 10, 1977.

Rehearing Denied Dec. 8, 1977.

Robert D. Batjer, Jr., Wagstaff, Harrell, Pope, Alvis, Dickenson & Erwin, Abilene, for appellant.

Edward E. Cockerell, Abilene, for appellee.

RALEIGH BROWN, Justice.

This case of first impression requires an interpretation of Article 8307, Sec. 6a, V.A. C.S., of the Workmen's Compensation Act as amended effective September 1, 1973. We must determine whether the amendment permits a claimant to pursue to conclusion a third party claim and then recover workmen's compensation benefits without accounting to the carrier for sums recovered.

Gary Dwayne Firebaugh lost the effective sight of his right eye as a result of a motor vehicle accident on or about December 31, 1975. At the time of the accident,

Firebaugh was a member of a drilling crew employed by DB Drilling Company traveling as a passenger in a vehicle owned and being operated by the driller, Tipton. The crew was on its way to the rig when the accident occurred. When Firebaugh was employed, he was told that transportation to and from the drilling rig would be provided by Tipton and paid for by DB.

Following the accident, Firebaugh made claim against Granite State Insurance Co., the workmen's compensation carrier for DB Drilling Company. Granite denied liability contending Firebaugh was not within the course and scope of his employment at the time of the accident and communicated such contention to Firebaugh, who then made claim against Tipton asserting negligent operation of the vehicle proximately caused the accident and his resulting injury. The claim was settled and Firebaugh received $12,500 paid by and on behalf of Tipton. A general release in favor of Tipton was executed by Firebaugh on March 12, 1976.

This workmen's compensation case was then brought by Firebaugh in August of 1976. The case was submitted to the court upon an agreed statement of facts. Judgment was entered in favor of Firebaugh in the sum of $8,602 together with interest at the rate of nine percent (9%) per annum from date until paid. Granite State Insurance Co. appeals. We reverse and render.

Article 8307, Sec. 6a, effective September 1, 1973, provides in part:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law. . . ."

Prior to such amendment, if the employee elected to proceed at law for damages, he was not entitled to statutory compensation. *Garza v. United States Fidelity & Guaranty Co.,* 251 S.W.2d 781 (Tex.Civ.App.—San Antonio 1952, writ ref. n. r. e.).

Section 6a prior to September 1, 1973 provided in part:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employé may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law . . . ."

In considering the purpose of Section 6a prior to the 1973 amendment, the court in *Capitol Aggregates, Inc. v. Great American Insurance Company,* 408 S.W.2d 922 (Tex. 1966) stated:

". . . Section 6a was adopted to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. See *Consolidated Underwriters v. Kirby Lumber Co.,* Tex.Com.App., 267 S.W. 703. These purposes will not be accomplished if the employee is allowed to retain the proceeds of the settlement in addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid . . . As pointed out in [*Traders General Ins. Co. v.] West Texas Utilities* [140 Tex. 57, 165 S.W.2d 713], 'the right of the association to reimbursement out of the first money paid is statutory; and in event the employee is permitted, without the consent of the association, to settle his claim against the alleged third person tort-feasor, thus eliminating his further interest in the suit, the provision of the statute authorizing the insurance association to *enforce for the joint use and benefit of said employee and the association* the liability of such tort-feasor, is thereby nullified.

The court in *Employers' Indemnity Corporation v. Felter,* 277 S.W. 376 (Tex. Comm'n App.1925) considering Section 6a said:

"These sections of the law seem to us to be perfectly clear and unambiguous, so far at least as they have any bearing upon the question at issue here. They do not need the application of the ordinary rules of construction. The language employed speaks for itself . . . It was not the purpose of the Compensation Act to protect third parties from the consequences of their negligence. The lawmakers, realizing that much larger recoveries could be had by injured people under the common law than under compensation statutes, very wisely left it to the injured person to exercise an option in the premises and seek to recover what seemed to him to be for his best interests. On the other hand, if the injured person preferred compensation, then the lawmakers decided it was right to give to the insurance company the right to make the guilty party pay; hence the act subrogates the insurance company to the cause of action which the injured party himself had against the third party. This is a most valuable right. No one could well deny this conclusion. But the Legislature went further and protected the injured employee by restricting the insurance company in its recovery against the tortfeasor to a return of the amount it had paid out in compensation. If it recovered more than such amount from the tortfeasor, the excess goes to the injured employee. So every effort was made to give to the injured employee every possible advantage, at the same time according to the insurance company a right to recoup its loss if the injury was negligently caused by some third party."

Section 6a as amended includes the following:

". . . If compensation be claimed under this law by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee, and may enforce in the name of the injured employee or of his legal beneficiaries the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries . . . ."

It further provides:

"If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments."

The court in *Campbell v. Sonford Chemical Company,* 486 S.W.2d 932 (Tex.1972) addressing itself to Section 6a and its effect on the matter of limitations as applicable to third party tort-feasors suggested the Legislature's intent in amending Section 6a saying:

"The rule in Texas may be stated as follows: When a claimant elects to proceed under workmen's compensation statutes and qualifies for an award thereunder, the cause of action of the compensation carrier does not accrue against a third party until the amount of the award made by the Industrial Accident Board is

paid by the carrier or until the claimant obtains a final judgment in a court of competent jurisdiction against such insurance carrier. When either of these events occur, the cause of action matures against the third party and the suit authorized by Section 6a must be filed on such cause of action either by the carrier or by the insured within two years from that date. *Fidelity Union Casualty Co. v. Texas P. & L. Co.,* [Tex.Civ.App., 35 S.W.2d 782] supra. This Court has recognized in the past in other types of cases that limitation runs from the date the cause of action accrues rather than from the date of the original accident or injury. See *Hernandez v. Great American Ins. Co. of N. Y.,* 464 S.W.2d 91 (Tex.1971).

We recognize that this rule may, on occasion, work an injustice on the third-party defendant because of the delay in pursuing the cause of action against him. The fault, however, lies in the requirement of Section 6a, which provides that the employee waives his claim for compensation if he proceeds against the third party prior to final determination of the claim. We would strongly urge that the Legislature consider an amendment of Article 8307, Section 6a, to allow the injured workman to file a third-party action without thereby losing his compensation rights. The third-party rights should then be governed by Article 5526."

Tex.Rev.Civ.Stat.Ann. art. 5429b–2, Subchapter C, Construction of Statutes, provides in part:

"Sec. 3.01. In enacting a statute, it is presumed that:

. . . . .

(2) the entire statute is intended to be effective;

(3) a just and reasonable result is intended;

(4) a result feasible of execution is intended; and

(5) public interest is favored over any private interest."

The court in *Minton v. Frank,* 545 S.W.2d 442 (Tex.1976) said:

"The cardinal rule of statutory interpretation is to ascertain legislative intent. *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964). Where the intent is apparent from the words of the statute, it is not necessary for this Court to make any analysis of the extrinsic evidence of legislative intent. *Calvert v. British-American Oil Producing Co.,* 397 S.W.2d 839 (Tex.1965)."

■ Applying the announced rule, we conclude Section 6a as amended effective September, 1973, does not change the purpose of Section 6a. The amendment extended the injured employee the right to proceed against a third party tort-feasor without precluding him from subsequently claiming compensation under the Workmen's Compensation Act. See *Potter v. Crump,* 555 S.W.2d 206 (Tex.Civ.App.—Fort Worth 1977, writ filed). It specifically continued, however, "the association shall be subrogated to the rights of the injured employee". Further, the amendment provides, "at the conclusion of a third party action . . . the net amount recovered shall be applied to reimburse the association . . and any amount in excess . . . shall be treated as an advance".

■ Even though Section 6a no longer cuts off the compensation rights of an employee who does not pursue his claim for compensation first, we hold the claimant may not be permitted to pursue to conclusion a third party claim and then seek workmen's compensation without accountability to the carrier for sums recovered. To hold otherwise would render totally ineffective the other sections of Section 6a as amended and permit a double recovery by the employee.

The judgment of the trial court is reversed and judgment rendered that Firebaugh take nothing.