The CHARTER OAK FIRE INSURANCE
COMPANY, Appellant,

v.

Chester CURRIE, Jr., Appellee.

No. 05–83–00210–CV.

Court of Appeals of Texas,
Dallas.

April 3, 1984.

Ronald D. Wren, Dallas, for appellant.

Paul Smith, Dallas, for appellee.

Before CARVER, STOREY and WHITHAM, JJ.

WHITHAM, Justice.

This is a workers' compensation suit in which appellee, Chester Currie, Jr., sought to recover benefits from appellant, Charter Oak Fire Insurance Company, under the Texas Workers' Compensation Act as the result of an on-the-job injury. A third party action was concluded before the present case was tried and resulted in a recovery of $9,900.00. The parties agree that the jury verdict produces a judgment of $8,330.00 unless Charter Oak was entitled to an offset based upon the parties' stipulations. The trial court refused to offset and rendered judgment in favor of Currie for $8,330.00. We conclude that Charter Oak was entitled to an offset. Accordingly, we reverse and render judgment for Currie in the correct amount.

The parties stipulated:

2. It is further stipulated by the parties that weekly compensation benefits in the amount of $3,690.00 have been paid to Plaintiff, and further, that there has been a recovery from a third party involved in the January 4, 1976 accident in the amount of $9,900.00 and that Charter Oak received $4,950.00 and Chester Currie received $4,950.00, and the recovery was made from Henry Roeder and John Lee Roeder and their insurance carrier, Farmers Insurance Group.

3. That Farmers Insurance Group and the Roeders have been released from any and all claims by the Plaintiff and by Charter Oak Fire Insurance Company.

In three points of error, Charter Oak contends that it was entitled to an offset for the $3,690.00 in weekly compensation benefits paid to Currie and for the $4,950.00 received by Currie from third parties, that upon allowance any recovery under the jury verdict was completely offset and that Currie, therefore, was entitled to recover nothing. Currie asserts that he was entitled to keep both the $3,690.00 and the $4,950.00 and to have judgment for $8,330.00. We disagree with both parties and conclude that the trial court should have rendered judgment in Currie's favor for $1,260.00.

The parties agree that the present case is one of first impression involving the applicability of TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1984), to the situation in which the parties have divided between them the amount of a third party recovery before the workers' compensation case was tried. Article 8307, § 6a, provides in pertinent part:

> Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law, and if he proceeds at law against the person other than the subscriber, then he shall not be held to have waived his rights to compensation under this law.

> \*     \*     \*     \*     \*     \*

> If at the conclusion of a third party action a workmen's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the third party action shall be applied to reimburse the association for past benefits and medical expenses paid and any amount in excess of past benefits and medical expenses shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be

made by the association but if insufficient, the association shall resume such payments when the advance is exhausted. The reasonable and necessary medical expenses incurred by the claimant on account of the injury shall be deducted from the advance in the same manner as benefit payments.

Article 8307, § 6a, provides a system in which the amount of any payment received by the plaintiff from a third party over and above those used to reimburse the workers' compensation carrier for prior compensation payments and payments of medical expenses is treated as an advance against future payments by the carrier. *Finch v. Texas Employers' Insurance Association*, 535 S.W.2d 201, 202 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.). The only Texas case which has considered the present Article 8307, § 6a, in a situation in which the workers' compensation plaintiff retained possession of all sums recovered in a third party action held in favor of the carrier's right to an offset to prevent double recovery. *In Granite State Insurance Co. v. Firebaugh*, 558 S.W.2d 550 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.), the plaintiff was injured in an automobile accident. He filed a claim against the third party driver responsible for the accident and settled the claim for a total of $12,500.00 in exchange for a general release. Thereafter, the plaintiff prosecuted a workers' compensation claim against his employer's workers' compensation carrier. Based upon the amount of the jury verdict, the trial court entered judgment in favor of the plaintiff on his compensation claim for $8,602.00 together with interest at the rate of nine percent (9%) per annum from date until paid. The court of appeals reversed the judgment and rendered judgment that plaintiff take nothing, holding that the $12,500.00 received by the plaintiff from the third party action offset any recovery under the Workers' Compensation Act. The court noted:

> Even though Section 6a no longer cuts off the compensation rights of an employee who does not pursue his claim for compensation first, *we hold the claim-*
*ant may not be permitted to pursue to conclusion a third party claim and then seek workman's compensation without accountability to the carrier for sums recovered.* To hold otherwise would render totally ineffective the other sections of Section 6a as amended and permit a double recovery by the employee. (emphasis added)

558 S.W.2d at 553. Moreover, as the United States Court of Appeals for the Tenth Circuit stated in interpreting Texas workers' compensation law, "the general purpose of the compensation act is to allow an injured employee relief with or without fault upon the part of the employer but not to allow such employee double recovery where fault lies with a third party." *Black v. Texas Employers Insurance Association*, 326 F.2d 603, 605 (10th Cir.1964). We can see no valid distinction from the situation in *Firebaugh* in which the plaintiff retained possession of all sums recovered in the third party action and that of the present case in which the parties divided between them the amount of the third party recovery. Accordingly, we conclude that Charter Oak was entitled to an offset in the amount necessary to deny Currie double recovery.

We determine that amount this way. We take the word "advance" from Article 8307, § 6a, and conclude that under that statute the entire $9,900.00 recovered in the third party action constituted an "advance fund" regardless of which of the two parties holds the advance fund, or any part thereof, pending disposition of the workers' compensation case. Thus, to prevent double recovery by Currie and to permit reimbursement of Charter Oak for past payments shown at trial, we conclude that the advance fund should be treated as follows in calculating the correct judgment award which we determine by the process shown below.

| | |
|---|---|
| Advance fund | $ 9,900.00 |
| Verdict amount | $ 8,330.00 |
| Advance fund excess | $ 1,570.00 |
| Advance fund received by Charter Oak | $ 4,950.00 |

| | |
|---|---|
| Payments by Charter Oak to Currie | $ 3,690.00 |
| Balance of advance fund received by Charter Oak | $ 1,260.00 |
| Advance fund received by Currie | $ 4,950.00 |
| Payments by Charter Oak to Currie | $ 3,690.00 |
| Currie's total receipts | $ 8,640.00 |
| Verdict amount | $ 8,330.00 |
| Excess in Currie's favor | $ 310.00 |
| Balance of advance fund received by Charter Oak | $ 1,260.00 |
| Excess in Currie's favor | $ 310.00 |
| Total | $ 1,570.00 |
| Currie maximum | $ 9,900.00 |
| Verdict amount | $ 8,330.00 |
| Balance due Currie | $ 1,570.00 |
| Excess in Currie's favor | $ 310.00 |
| Amount needed to provide Currie with $1,570.00 | $ 1,260.00 |
| | $ 1,570.00 |

 The amount required to provide Currie with $1,570.00 is the $1,260.00 balance of the advance fund received by Charter Oak. At oral argument, Charter Oak made clear why it sought to retain the $1,260.00. Charter Oak sought to justify retention of the $1,260.00 by suggesting that such sum covered past medical expense payments made to Currie. Charter Oak conceded, however, that at trial it failed to prove the past medical payments and that the record is silent as to the amount of the past medical payments to Currie. In a case such as the present case, it is incumbent upon the carrier, and we so hold, to establish by stipulation or proof the entire amount of its right of reimbursement under Article 8307, § 6a, regardless of which party holds the advance funds derived from a third party recovery. Accordingly, we conclude that the trial court erred in denying a $7,070.00 offset to Charter Oak and in awarding Currie judgment on the verdict in the amount of $8,330.00. We conclude further, therefore, that Currie is entitled to judgment against Charter Oak in the amount of $1,260.00.

Article 8307, § 6a, provides that "[w]hen *the advance* is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association but if insufficient, the association shall resume such payments when *the advance* is exhausted." [emphasis ours]. In light of our holding in the present case, it follows, and we so hold, that the amount of the judgment we render in favor of Currie in the sum of $1,260.00 constitutes "the advance" as those words are used in the above quoted language of Article 8307, § 6a.

We reverse the judgment of the trial court insofar as it awards Currie the sum of $8,330.00 and costs of court and we render judgment in favor of Currie and against Charter Oak in the sum of $1,260.00. All costs in the trial court and in this court are taxed one-half to Currie and one-half to Charter Oak.