COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ISABEL ERIVAS,                                                 )

                                                                              )             No.  08-02-00347-CV

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )             
385th District Court

STATE FARM MUTUAL AUTOMOBILE
         )

INSURANCE COMPANY,                                 )         
of Midland County, Texas

                                                                              )

Appellee.                           )               
(TC# CV-43,197)

                                                                              )

 

 

O
P I N I O N

 








Appellant Isabel Erivas appeals the take-nothing judgment entered against
her in an action she brought against her employer=s
underinsured/uninsured motorist (AUIM@) insurance carrier for recovery of
damages related to a hit-and-run accident occurring in the scope and course of
her employment.  On appeal, Ms. Erivas raises two issues for review.  Ms. Erivas contends
the trial court erred in entering a take-nothing judgment against her because Appellee State Farm Mutual Automobile Insurance (AState Farm@)
is not entitled to a credit or offset for the subrogation lien assigned by her
employer=s workers= compensation carrier to State Farm
until State Farm has paid her attorney=s
reasonable attorney=s fees,
not to exceed one-third of the lien.  Ms.
Erivas also asserts State Farm is not entitled to
credit or offset for the assigned lien at all because a workers= compensation carrier has no right to
subrogation for benefits payable to an employee under a UIM insurance
policy.  We affirm in part, reverse in
part, and remand this cause to the trial court for further proceedings
consistent with this opinion.

On December 30,
1998, Isabel Erivas was injured in a hit-and-run
accident while operating a company vehicle in the course and scope of her
employment with The Parts Warehouse in Midland, Texas.  Ms. Erivas filed a
workers=
compensation claim and received medical and indemnity benefits from her
employer=s workers= compensation carrier, Association
Casualty Insurance Company (AAssociation@). 
These benefits totaled $22,349.13. 
Ms. Erivas also received $5,000 in Personal
Injury Protection (APIP@) benefits from her employer=s UIM coverage policy, Appellee State Farm. 
On November 17, 2000, Ms. Erivas filed suit
against State Farm, alleging she was legally entitled to recover damages under
the policy because she was injured during the course and scope of her
employment.  State Farm filed a
third-party action against Association as it was potentially entitled to assert
a statutory lien for recovery of its workers=
compensation benefits if State Farm were found liable to Ms. Erivas for damages.

Prior to trial,
State Farm and Association entered into a settlement as to the statutory lien
asserted by Association with respect to any settlement or award in Ms. Erivas=
favor.  In the settlement, Association assigned
all ownership and its right of recovery on the lien and released State Farm
from any other claims it had or could have against State Farm in exchange for
$2,500.  As a result of the settlement,
Association was dismissed from the lawsuit. 
The jury trial was held on April 2, 2002, and the jury returned a
verdict in favor of Ms. Erivas, awarding her $25,000
in damages.








On July 2, 2002,
the trial court held a hearing on the judgment and after counsel=s arguments, entered a take-nothing
judgment against Ms. Erivas.  The trial court found as a matter of law that
State Farm was entitled to an offset in the amount of $27,349.13 for its PIP
payments ($5,000) and as owner of the workers=
compensation lien ($22,349.13).  Because
the total of credits, offsets, and recovery due to Ms. Erivas
was an amount in excess of the jury award of $25,000 in favor of Ms. Erivas, the trial court determined that judgment should be
rendered in favor of State Farm and Ms. Erivas take
nothing by her suit.  Ms. Erivas filed a motion for new trial, which was overruled by
operation of law.  Ms. Erivas now brings this appeal.

In Issue Two, Ms. Erivas asserts the trial court erred in entering a take-nothing
judgment against her because a workers=
compensation carrier has no right of subrogation to benefits payable to an
employee under a UIM policy.  Therefore,
she argues, State Farm is not entitled to any credit for the statutory lien it
purchased from Association.

Standard
of Review








Disposition of
this issue turns on the statutory interpretation of provisions in the Texas
Labor Code.  Matters of statutory
construction are questions of law for the court to decide rather than issues of
fact.  Pulido
v. Dennis, 888 S.W.2d 518, 519-20 (Tex.App.‑-El
Paso 1994, no pet.), citing Johnson v. City of Fort Worth, 774
S.W.2d 653, 655-56 (Tex. 1989).  As such,
they are subject to de novo review.  See Johnson, 774 S.W.2d
at 656.  In construing a statute,
our objective is to determine and give effect to the legislature=s intent.  Neal v. SMC Corp., 99 S.W.3d 813, 815
(Tex.App.--Dallas 2003, no pet.), citing Nat=l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000). 
We presume that the Legislature intended the plain meaning of its
words.  Neal, 99
S.W.3d at 815.  If possible, we
must ascertain the Legislature=s
intent from the language it used in the statute, rather than look to extraneous
matters for an intent not stated in the statute.  Id.; see also Tex.Gov=t Code Ann. '
311.023 (Vernon 1998)(providing statutory construction
aids a court may consider in construing a statute).

Carrier=s Right to Subrogation under Section
417.001

Under Section
417.001 of the Texas Labor Code, a workers=
compensation carrier has a statutory right to subrogation where a third party
is or becomes liable to pay damages to an employee for an employee=s compensable injury, for which the
employee receives workers=
compensation benefits.  Specifically,
Section 417.001 provides in pertinent part[1]:

(a)        An employee or legal beneficiary may
seek damages from a third party who is or becomes liable to pay damages for an
injury or death that is compensable under this subtitle and may also pursue a
claim for workers=
compensation benefits under this subtitle.

 








(b)        If a benefit is claimed by an injured
employee or a legal beneficiary of the employee, the insurance carrier is
subrogated to the rights of the injured employee and may enforce the liability
of the third party in the name of the injured employee or the legal
beneficiary.  If the recovery is for an
amount greater than that paid or assumed by the insurance carrier to the employee
or the legal beneficiary, the insurance carrier shall:

 

(1)        reimburse
itself and pay the costs from the amount recovered; and 

 

(2)        pay the
remainder of the amount recovered to the injured employee or the legal
beneficiary.

 

Tex.Lab.Code Ann. '
417.001(a) and (b)(Vernon 1996).

 

Under Section
417.002(a), A[t]he net
amount recovered by a claimant in a third-party action shall be used to
reimburse the insurance carrier for benefits, including medical benefits, that have
been paid for the compensable injury.@  Tex.Lab.Code Ann. ' 417.002(a).

In Employers
Casualty Co. v. Dyess, the Amarillo Court of
Appeals addressed the issue of whether a workers=
compensation carrier had a right of subrogation with respect to an employee=s recovery under the employer=s uninsured motorist coverage.  Employers Casualty Co.
v. Dyess, 957 S.W.2d 884, 885 (Tex.App.--Amarillo 1997, pet. denied).  The appellant in Dyess
contended that under the prior language of the statute, Asome
person other than the subscriber@
who has a Alegal
liability@ applied
only to third party tortfeasors.  Id. at 889.  After reviewing the statutory language, the Dyess Court rejected this argument and held that a
workers=
compensation carrier=s
statutory right of subrogation applies to any party liable for
a claimant=s
injuries, regardless of whether that liability arose in tort or
contract.  Id.
at 891.  








Following the Dyess Court=s
reasoning, the Houston First District Court of Appeals in Texas Workers= Comp. Ins. Facility v. Aetna Cas. & Sur.
Co. held that a workers=
compensation carrier=s
subrogation right extends to claims against an uninsured/underinsured motorist
insurance carrier.  Texas Workers= Comp. Ins. Facility v. Aetna Cas. & Sur. Co., 994 S.W.2d 923,
926 (Tex.App.--Houston [1st Dist.] 1999, no pet.).  In that case, the issue before the Court was
whether a workers=
compensation carrier has a right of subrogation when an employee, who has
received workers=
compensation benefits, subsequently sues and collects from his employer=s uninsured/underinsured motorist
insurance carrier.  Id.
at 924.  In examining the term Athird party@
in the subrogation statute then in effect, the Court noted that the purpose of
the statute favors reading the term expansively, rather than limiting
application of the statute to claims against third party tortfeasors.  See id. at
926.

Here, Ms. Erivas does not challenge the particular meaning of any
statutory language in Section 417.001. 
Rather, Ms. Erivas directs this Court=s attention to Liberty Mutual v. Kinser, 82 S.W.3d 71 (Tex.App.--San
Antonio 2002, pet. withdrawn), and this Court=s
opinion in Casualty Reciprocal Exchange v. Demock,
No. 08-00-00206-CV, 2002 WL 244821 (Tex.App.--El Paso
Feb. 21, 2002, no pet.), as authorities in support of her contention that
Association, as a workers=
compensation carrier, had no subrogation right to benefits payable under her
employer=s State
Farm UIM insurance policy.  These cases, however,
are distinguishable.








In Liberty
Mutual v. Kinser, the San Antonio Court of
Appeals held that a workers=
compensation carrier had no subrogation right to benefits paid to an employee
under the employee=s unisured/underinsured motorist insurance coverage.  Kinser, 82 S.W.3d at 78.  In
that case, the workers=
compensation carrier asserted a subrogation right to the UIM benefits payable
to the employee under the employee=s
UIM insurance policy.  See id. at 72.  In examining
the subrogation statute, the San Antonio Court of Appeals noted that under
Section 417.001(b), a carrier is entitled to enforce the liability of the third
party in the name of the injured employee and is subrogated to the injured
employee=s rights
under Section 417.001(a).  Id. at 77.  The
Kinser Ccourt reasoned that in reading the
term Athird
party@ in
context, Section 417.001(a) modifies or limits the Athird
party@ to a Athird party who is or becomes liable to
pay damages.@  Id. at 78.  Based on this reasoning, the Kinser Court determined that Aa carrier is only entitled to
subrogation against damages paid to an injured employee by a third party who is
or becomes liable to pay damages.@  Kinser, 82
S.W.3d. at 78.








Contrasting the
terms Adamages@ awarded by a jury and Abenefits@
payable under a UIM policy, the Kinser Court
determined that the term Adamages@ as used in Section 417.001(a) does not
include UIM benefits, but rather is limited to damages recovered from a third
party who is liable to the injured employee because the third party breached a
contract or committed a tortious act against the
injured employee.  Kinser,
82 S.W.3d at 78. 
Like this Court=s
opinion in Casualty Reciprocal Exchange v. Demock,
the Kinser Court distinguished its holding
from Dyess and Texas Workers= Comp. Ins. Facility v. Aetna Cas. & Sur.
Co., noting that in the Amarillo and Houston Court decisions, the UIM
policies were acquired and maintained by the claimant=s
employer, not the claimant.  Id.
at 78, 79 n.1, citing the Demock
opinion.  In so noting, the Kinser Court found that when faced with two
competing public policies, the policy favoring personal UIM motorist coverage
trumped the policy supporting the subrogation statute, as any other
interpretation would result in the injured employee subsidizing the insurance
company.  Id. at 79. In this case, Ms. Erivas= employer maintained a State Farm UIM
insurance policy, which extended coverage to its employees.  Ms. Erivas received
medical and indemnity benefits from her employer=s
workers=
compensation carrier, Association.  Ms. Erivas brought suit against State Farm to recover damages
for her injuries under her employer=s
UIM policy.  At trial, Ms. Erivas introduced evidence to show her alleged injuries and
damages suffered.  In its verdict, the
jury awarded $25,000 to Ms. Erivas.  We find that the plain meaning of Section
417.001 creates a right of subrogation against a third party who is or becomes
liable to pay damages, including an employer=s
UIM insurance carrier found liable to pay damages.  See Tex.Lab.Code Ann. '
417.001(a) and (b); Aetna Cas.
& Sur. Co., 994 S.W.2d at 926.  Therefore, Association had a subrogated
interest to the damages recovered from State Farm.

The purpose of the
subrogation statute is to Aprevent
overcompensation to the employee and to reduce the burden of insurance to the
employer and to the public.@  Granite State Ins. Co. v. Firebaugh,
558 S.W.2d 550, 551 (Tex.Civ.App.--Eastland 1977,
writ ref=d n.r.e.), citing Capitol Aggregates, Inc. v. Great American Ins. Co., 408 S.W.2d
922 (Tex. 1966).  In
this case, the subrogated policy belonged to the employer, not the claimant,
Ms. Erivas. 
Unlike the Kinser case, this
case presents no competing public policy in favor of a claimant retaining
benefits payable under a personal UIM policy. 
See Kinser, 82 S.W.3d at 78-9; see
also Demock, 2002 WL 244821 at 2 (declining to
hold subrogation provision trumped legislative intent and mandate for
maintaining personal UIM insurance coverage). Therefore, we find Association
held a right of subrogation with respect to the damages award recovered by Ms. Erivas.  On appeal,
Ms. Erivas does not challenge Association=s assignment of the subrogated interest
to State Farm.  As owner of the subrogation
lien, State Farm was thereby entitled to an offset from the jury=s award.  Issue Two is Overruled.

In her first
issue, Ms. Erivas argues that State Farm is not
entitled to a credit or offset for the subrogation lien it purchased until it
has paid her attorney=s
reasonable attorney=s fee,
not to exceed one-third of the award.








An award of
attorney=s fees is
within the sound discretion of the trial court, and will not be reversed absent
a clear showing of abuse of discretion.  City
of Austin v. Janowski, 825 S.W.2d 786, 788 (Tex.App.--Austin 1992, no writ), citing Espinoza
v. Victoria Bank & Trust Co., 572 S.W.2d 816, 828 (Tex.Civ.App.--Corpus
Christi 1978, writ ref=d
n.r.e.).  An
abuse of discretion occurs when the trial court=s
acts without any reference to guiding rules or principles, or is arbitrary or
unreasonable.  See Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1985), cert. denied,
476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721
(1986).  An abuse of discretion lies when
the trial court misapplies the law.  Texas Workers=
Compensation Insurance Fund v. Alcorta, 989
S.W.2d 849, 851 (Tex.App.--San Antonio 1999, no
pet.).

Section 417.002,
Recovery in Third-Party Action, provides in pertinent part:

(a)        The net amount recovered by a claimant
in a third-party action shall be used to reimburse the insurance carrier for
benefits, including medical benefits, that have been
paid for the compensable injury.

 

Tex.Lab.Code Ann. 417.002(a).

Section 417.003,
Attorney=s Fee for
Representation of Insurance Carrier=s
Interest, provides:

(a)        An insurance carrier whose interest is
not actively represented by an attorney in a third-party action shall pay a fee
to an attorney representing the claimant in the amount agreed on between the
attorney and the insurance carrier.  In
the absence of an agreement, the court shall award to the attorney payable out
of the insurance carrier=s
recovery:

 

(1)        a reasonable
fee for recovery of the insurance carrier=s
interest that may not exceed one-third of the insurance carrier=s recovery; and 

 

(2)        a proportionate
share of expenses

 

                                                              .               .               .

 








(c)        If an attorney actively representing the
insurance carrier=s
interest actively participates in obtaining a recovery, the court shall award
and apportion between the claimant=s
and the insurance carrier=s
attorneys a fee payable out of the insurance carrier=s
subrogation recovery.  In apportioning
the award, the court shall consider the benefit accruing to the insurance
carrier as a result of each attorney=s
service.  The total attorney=s fees may not exceed one-third of the
insurance carrier=s
recovery.

 

Tex.Lab.Code Ann. '
417.003(a) and (c).

 

Texas courts have
determined the statute provides three ways by which an attorney may recover
fees based upon a subrogation recovery: 
(1) where the insurer has an attorney but he does not actively represent
it; (2) where the worker=s
attorney represents both the worker and the insurer; and (3) where the insurer
has an attorney who actively represents it and participates in obtaining a
recovery.  City of Austin, 825
S.W.2d at 789 n.2; see also Alcorta,
989 S.W.2d at 851 n.1.

At the July 2,
2002 hearing on the final judgment, Ms. Erivas
asserted she was entitled to attorney=s
fees under Section 417.003, citing to subparagraph (a) which states, A>an
insurance carrier whose interest is not actively represented by an attorney
shall pay a fee to an attorney representing the claimant.=@  Ms. Erivas argued
that even if State Farm is entitled to subrogation credit for the workers= compensation lien, she was still
entitled to assert her attorney=s
fees up to one-third of the amount.  In
support of her claim, Ms. Erivas asked the court to
consider her attorney=s
work in trying the case and obtaining a favorable verdict.  In response, State Farm argued that because
it settled with the workers=
compensation carrier and having purchased its lien and the $5,000 credit for
PIP benefits, it was entitled to a total credit or offset in excess of $27,000,
therefore there should be a take-nothing judgment against Ms. Erivas despite the jury verdict.  In the alternative, State Farm argued that
attorney=s fees
claim should be based on the amount the carrier received for settling its
claim, $2,500.








In its brief in
this appeal, State Farm argues that under Section 417.0003(c), the trial court
considers the benefit accruing to the insurance carrier as a result of each
attorney=s
services.  State Farm asserts that Ms. Erivas waived her right to recover attorney=s fees by not presenting evidence that
her attorney=s efforts
provided any benefit in recovery of the lien. 
Assuming Ms. Erivas did not waive the
right, State Farm argues that under one scenario, Association=s attorney represented it in the
lawsuit and prior to trial it assigned its subrogation interest to State Farm
for $2,500, Athe only
recovery by Association, and was obtained solely through the efforts of its own
retained attorney.@  State Farm contends Erivas
failed to produce any evidence that her attorney=s
efforts resulted in the $2,500 recovery by Association, therefore the trial
court properly apportioned the attorney=s
fees by refusing to award any portion of Association=s
recovery to Erivas=
attorney.  Alternatively, State Farm
argues that it=s
recovery was theoretically $20,000 (minus the PIP benefits) and this recovery
was Asolely
the result of the efforts of its own attorney in obtaining the assignment from
Association@ and AErivas= attorney did nothing to benefit State
Farm as assignee.@

As noted above,
under Section 417.003(a), an insurance carrier whose interest is not actively
represented by an attorney in a third-party action shall pay a fee to an
attorney representing the claimant and in absence of an agreement, the court
shall award a reasonable fee out of the insurance carrier=s recovery, not to exceed one-third of
the lien and a proportionate share of expenses. 
See Tex.Lab.Code Ann. '
417.003(a).  An attorney Aactively represents@ a carrier when he or she Atakes steps, adequate when measured by
the difficulty of the case, toward prosecuting the claim.@ 
Hartford Accident & Indem.
Co. v. Buckland, 882 S.W.2d
440, 447 (Tex.App.--Dallas 1994, writ denied).









In this case,
prior to jury selection, State Farm and Association announced to the court that
they entered into a settlement in which Association was selling and assigning
its subrogated interest to State Farm for the amount of $2,500.  Association=s
attorney represented to the court that Association was Amaking
assignment of [their] lien, and allowing State Farm to sit in the shoes of the
workers=
compensation carrier, and receive any credit that would be due and owing to the
Workers=
Compensation carrier based upon any verdict issued in this case.@ 
Association was subsequently dismissed from the lawsuit.  Based on the evidence in the record, Ms. Erivas=
request for reasonable attorney=s
fees in pursuing recovery of the workers=
compensation carrier=s
subrogated interest is clearly governed by Section 417.003(a), not Section
417.003(c).  As assignee of the subrogation
lien, State Farm through its attorney did not actively represent its acquired
subrogated interest in Ms. Erivas= third-party action against State
Farm.  As shown in the record, recovery
of the subrogation lien was the result of Ms. Erivas= attorney=s
efforts in prosecuting the claim against State Farm.

A[B]y statutory design, the >first money=
owed to the carrier--the net amount recovered under section 417.002 (a)--is a
sum which has been reduced by allowable attorney=s
fees under section 417.003.@
 Alcorta,
989 S.W.2d at 852. 
Under the statute, the trial court was required to award certain
attorney=s fees
payable out of the insurance carrier=s
subrogation recovery, which in this case would be based on the $22,349.13
figure.  See Tex.Lab.Code Ann. '
417.003(c).  With respect to payment of
attorney=s fees to
Ms. Erivas, State Farm, as assignee and owner of the
lien, was not entitled to an offset until the statutory provisions under
Section 417.003(c) were satisfied.  We
find that the trial court abused its discretion in failing to comply with the
clear dictates of Section 417.003(c). 
Issue One is sustained.








For the reasons
stated above, we affirm the trial court=s
judgment in part, reverse in part, and remand this cause to the trial court for
further proceedings consistent with this opinion.

 

 

May
6, 2004

DAVID
WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.











[1]
We note that Section 417.001(b) was recently amended by Act of June 2, 2003,
78th Leg., R.S., ch. 204, '
4.09, 2003 Tex.Gen.Laws
847, 858-59.  Section 417.001(b) now
provides:

 

If a benefit is claimed by an injured
employee or a legal beneficiary of the employee, the insurance carrier is
subrogated to the rights of the injured employee and may enforce the liability
of the third party in the name of the injured employee or the legal
beneficiary.  The insurance carrier=s subrogation interest is limited to
the amount of the total benefits paid or assumed by the carrier to the employee
or the legal beneficiary, less the amount by which the court reduces the
judgment based on the percentage of responsibility determined by the trier of fact under Section 33.003, Civil Practice and
Remedies Code, attributable to the employer. 
If the recovery is for an amount greater than the amount of the
insurance carrier=s
subrogation interest, the insurance carrier shall:

 

(1)        reimburse itself and pay the costs from
the amount recovered; and 

 

(2)        pay the
reminder of the amount recovered to the injured employee or the legal
beneficiary.

 

Ms. Erivas= cause of action, however, is governed
by the previous version of the statute.