Ila Mae **FRANCIS**, Appellant,

v.

**INTERNATIONAL SERVICE INSURANCE COMPANY, Appellee.**

No. 8327.

Court of Civil Appeals of Texas, Texarkana.

Jan. 27, 1976.

Rehearing Denied Feb. 24, 1976.

C. V. Flanary, Paris, for appellant.

Byron L. Falk, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

CHADICK, Chief Justice.

This case originated as a suit to recover damages for bodily injury under the "uninsured automobile" coverage of an automobile insurance policy. International Service Insurance Company's motion for summary judgment was granted in the trial court and a take nothing judgment entered. Ila Mae Francis has perfected an appeal. Judgment of the trial court is affirmed.

On September 13, 1968, Ila Mae Francis was a passenger in an automobile when it was struck by a fire truck operated by the City of Grand Prairie, Texas. Miss Francis was seriously injured in the collision. The fire truck was not insured against liability arising out of the ownership, maintenance or use of a motor vehicle. The term "uninsured automobile" is defined in the appellee insurance company's Family Automobile Policy issued to the owner of the automobile in which Miss Francis was a passenger. The definition has the sanction of the State Board of Insurance. It is as follows:

"(a) an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the

use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder, . . . but the term 'uninsured automobile' shall not include:

\* \* \* \* \* \*

(3) an automobile or trailer owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing.

\* \* \*"

Miss Francis' suit against the International Service Insurance Company was terminated as initially indicated after severance from her action of another party defendant named therein.

The issue in this appeal is whether the insurance policy's definition of an uninsured automobile is in derogation of or violates Tex.Ins.Code Ann. art. 5.06–1 by excluding from such classification motor vehicles operated by governmental agencies. The provisions of the mentioned statute pertinent to the issue are as follows:

"(1) No automobile liability insurance (including insurance issued pursuant to an Assigned Risk Plan established under authority of Section 35 of the Texas Motor Vehicle Safety-Responsibility Act), covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

\* \* \* \* \* \*

"(2) For the purpose of this coverage, the term 'uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency. The State Board of Insurance is hereby authorized to promulgate the forms of the uninsured motorist coverage. The Board may also, in such forms, define 'uninsured motor vehicle' to exclude certain motor vehicles whose operators are in fact uninsured.

\* \* \* "

The legislative direction in Art. 5.06–1 to the State Board of Insurance to promulgate insurance policy forms for uninsured motorist coverage and define uninsured motor vehicles has been held constitutionally valid. *Hamaker v. American States Insurance Company of Texas*, 493 S.W.2d 893 (Tex. Civ.App. Houston 1st Dist. 1973, writ ref'd, n. r. e.). On the subject generally see *Board of Ins. Com'rs v. Carter*, 228 S.W.2d 335 (Tex.Civ.App. Austin 1950, writ ref'd n. r. e.); 32 Tex.Jur.2d, Insurance, Sec. 15; 43 Am.Jur.2d, Insurance, Sec. 58. The constitutionality of this direction to the Board is settled.

Language in the statute that is unambiguous, clear, and obvious in its meaning must be given effect, as there is no reason to construe it. It is only when the meaning of a statute is doubtful that a necessity for construction exists. 53 Tex. Jur.2d, Statutes, Sec. 123. The statute in plain language authorizes the Board to define uninsured motor vehicle so as to exclude "certain vehicles whose operators are in fact uninsured." There is nothing in the statutory language to make its meaning ambiguous or doubtful. The State Board of Insurance approved definition excluding vehicles operated by governmental agencies from the definition of uninsured vehicles, though they are in fact uninsured, is patently authorized by Article 5.06–1. The

definition in the insurance contract transgresses no boundary set by the act or the Board.

The uninsured motorist law is remedial in nature and designed to benefit the victim of the negligence of financially irresponsible motorists. The statute should be interpreted liberally to give effect to the public policy declared therein. *Fidelity & Casualty Company of New York v. Gatlin*, 470 S.W.2d 924 (Tex.Civ.App. Dallas 1971, no writ); *Hamaker v. American States Insurance Company of Texas*, supra; 24 A.L. R.3rd, 1370, Anno: Uninsured Motorist-Compensation. Appellant contends that exclusion of uninsured vehicles operated by governmental agencies from the uninsured automobile definition in the insurance contract violates the purpose of the act and is contrary to its intent and therefore void.

It is a primary rule of statutory construction that all language of a statute and every part thereof is to be given effect, if reasonably possible. *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920). The rule is well stated in 53 Tex.Jur.2d, Statutes, Sec. 159, to-wit: " * * * meaning should be given to each and every sentence, clause, phrase, and word of the act, as nearly as this can be done consistently with the object and purpose of the legislature. On the other hand, a construction should not be adopted, if it can be avoided, that will render any part of the act inoperative, nugatory, or superfluous. Every word of an enactment is presumed to have been used for a purpose, and should be given some effect other than that which result from its omission. * * *." The statute plainly authorizes the State Board of Insurance to formulate a definition of an uninsured automobile for insurance purposes and specifically empowers the Board to exclude from the definition vehicles that are in fact uninsured. The possible remedial reach and scope of the statute is lessened in some degree by the directions given the State Board of Insurance, but not thwarted. The public policy declared by the statute was intended to be consonant with the exercise of the powers granted to the State Board of Insurance.

Contention that the insurance contract's definition of an uninsured automobile was in derogation of public policy declared by Art. 5.06–1 and void was considered in *Villarreal v. Texas Farmers Insurance Company*, 510 S.W.2d 633 (Tex.Civ. App. Corpus Christi 1974, writ ref'd n. r. e.) and *Kemp v. Fidelity & Casualty Company of New York*, 504 S.W.2d 633 (Tex.Civ.App. Eastland 1973, writ ref'd n. r. e.). The element of the definition said to be in conflict with public policy in those cases was not the same as here. Though different, much the same argument and authority was marshalled in support of the proposition advanced in those cases as is urged in this. The definition was held valid in both cases. Here, because the enabling language of the statute is clear and the definition does not go beyond any limit set by statute, this court is compelled to recognize the definition as a valid provision of the insurance contract. The judgment of the trial court is affirmed.