HIGHLANDS INSURANCE
COMPANY, Appellant,

v.

KELLEY-COPPEDGE, INC., Appellee.

No. 2–96–173–CV.

Court of Appeals of Texas,
Fort Worth.

July 17, 1997.

Rehearing Overruled Aug. 21, 1997.

**416** 

Robert A. Shults, Collyn A. Peddie, Shein-feld, Maley & Kay, P.C., Houston, Steven R. Shattuck, Fanning, Harper & Martinson, P.C., Dallas, for appellant.

Patrick J. Wielinski, Elmer A. Johnston, Ford, Yungblut, White & Salazar, P.C., Dallas, for appellee.

Before LIVINGSTON, RICHARDS and HOLMAN, JJ.

## OPINION

RICHARDS, Justice.

This is an appeal from the trial court's grant of summary judgment in favor of the insured in an insurance coverage declaratory judgment action. Appellee Kelley–Coppedge, Inc. (KCI) purchased a commercial general liability insurance policy from appellant Highlands Insurance Co. (Highlands). Subsequently, a KCI employee, while working on an easement owned by a KCI client, struck a crude oil pipeline causing the discharge of approximately 1600 barrels of crude oil. KCI was legally obligated to clean up the oil spill. Highlands refused to pay for the clean up under the policy. KCI filed a claim for declaratory relief against Highlands. Highlands moved for summary judgment on the grounds that the pollution exclusion clause in the insurance contract denied coverage on KCI's claim. KCI responded and filed a counter-motion for summary judgment arguing that coverage existed. The trial court denied Highlands's motion and granted KCI's counter-motion.

KCI then filed another motion for summary judgment asking for $396,225 in damages, interest, and $18,852.76 in attorney's fees. The trial court also granted this motion for summary judgment. The court subsequently granted KCI's motion to modify the judgment and increased the judgment amount to $435,910.90, including interest, and $23,885.61 in attorney's fees.

Highlands timely perfected appeal to this court. Because we find that, as a matter of law, the policy did not provide coverage in this situation, we reverse and render judgment in favor of Highlands.

## I. FACTS

The parties stipulated to the following seven facts:

(1) On or before November 1, 1993, Highlands issued a Commercial General Liability policy to KCI, number RGO 10 85 47, effective from November 1, 1993, to November 1, 1994.

(2) On August 24, 1994, KCI, while performing operations pursuant to a contract with Natural Gas Pipeline Company of

America (NGP), was laying a four inch natural gas pipeline to buckshot No. 1 Well owned by Mitchell Energy Corporation. While laying the pipeline, a ditcher operated by a KCI employee struck a sixteen inch crude oil pipeline owned by Mobil Pipe Line Company (Mobil), causing the release of approximately sixteen hundred barrels of crude oil, much of which was recovered.

(3) KCI duly notified Highlands of the August 24, 1994 oil spill pursuant to the terms of the Highland policy.

(4) The spill caused property damage to the land upon which the easement through which KCI was laying the pipeline was located.

(5) KCI has taken steps to mitigate the potential damage and has also entered into various agreements with Mobil, and the adjoining landowner, to remediate the surrounding soil to Texas Railroad Commission standards.

(6) Highlands has paid for the repair cost to the Mobil pipeline and damages for the loss of oil and labor costs to Mobil under the Highlands policy.

(7) The parties are disputing coverage of the mitigation and remediation costs incurred and to be incurred by KCI in remediating the property damage to the property of A.L. Peterson arising out of the August 24, 1994 oil spill.

## II. SUMMARY JUDGMENT

In its fifth point of error, Highlands argues that the trial court erred in denying its motion for summary judgment and granting KCI's counter-motion for summary judgment. Highlands's argument is based on its contention that subsection f(1)(a) of the pollution exclusion clause excludes coverage on the facts of this case. KCI responds that subsection f(1)(d) provides coverage.

1. Rule 263 provides:
 Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed

### A) The Standard of Review

■ Normally, an order overruling or denying a motion for summary judgment is not a proper subject for appeal. *See Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex.1994). However, when both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *See Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex. 1997); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). We should render such judgment as the trial court should have rendered. *See Agan,* 940 S.W.2d at 81.

■ We have recently addressed the standard of review in summary judgment cases where the parties tried the case on stipulated facts:

An agreed statement of facts under rule 263[1] is similar to a special verdict; it is the parties' request for judgment under the applicable law. The only issue on appeal is whether the trial court properly applied the law to the agreed facts. The appellate court is limited to those facts unless other facts are necessarily implied from the express facts in the statement. In an appeal of an "agreed" case, there are no presumed findings in favor of the judgment, and the pleadings are immaterial.

Because the issue on appeal is a pure question of law, the appellate court performs a de novo review. A de novo review is less deferential than ordinary reviews because a trial court has *no* discretion in deciding what the law is or in properly applying it.

Rule 263 requires that the parties submit the agreed statement to the clerk and that the court certify it. Certification shows the appellate court the facts upon which the trial court based its judgment. But even when the parties fail to conform to the technical requirements of the rule, an appellate court may treat the case as a

statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.
Tex.R. Civ. P. 263.

case involving an agreed statement of facts under rule 263 if the record indicates that the trial court heard the case on stipulated facts.

*State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied) (citations omitted); *see also* Tex.R. Civ. P. 263. Both parties agree that they stipulated to the facts. Moreover, in Highlands's original motion for summary judgment and KCI's response and counter-motion, both parties agreed to the stipulated facts. Under these circumstances, we hold that the record indicates that the trial court heard the case on stipulated facts and we will accordingly apply the de novo standard of review articulated in *Kessler. Kessler,* 932 S.W.2d at 732.

### B) *The Pollution Exclusion Clause*

The commercial general liability policy issued to KCI by Highlands includes the following provision:

### SECTION I —COVERAGES
### COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

. . . .

**2. Exclusions**

This insurance does not apply to:

. . . .

**f.** (1) "Bodily injury" and "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

(a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

(b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person or organization for whom you may be legally responsible; or

(d) At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations:

(i) if the pollutants are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

(ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants.

. . . .

(2) Any loss, cost or expense arising out of any:

(a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

(b) Claim or suit by or on behalf of a governmental authority for damages because of testing for monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

### C) *Analysis*

#### 1) **Subsection f(1)(a)**

KCI does not argue that oil is not a "pollutant" under the exclusion clause. *Cf. Tri County Serv. Co. v. Nationwide Mut. Ins. Co.,* 873 S.W.2d 719, 720 (Tex.App.—San Antonio 1993, writ denied) (noting that neither party disputed trial court's finding that MC–30 prime oil is a "pollutant" within the terms of comparable exclusion). Therefore, in determining whether subsection f(1)(a) applies to the facts of this case, we must only determine whether the property where the spill

occurred "is or was at any time ... occupied by" KCI. We hold that it was.

 In applying a nearly identical pollution exclusion clause, the San Antonio Court of Appeals has held that one can "occupy" a site without owning or holding any other interest in the premises so long as he or she has the right to occupy such portions of the property as are necessary to perform the obligations he or she has assumed. *See id.* at 722. Under this definition, we hold that KCI "occupied" the property upon which it was performing operations pursuant to its contract with NGP. Therefore, we hold that subsection f(1)(a) excludes coverage for the spill.

### 2) Subsection f(1)(d)

KCI argues that the pollution exclusion clause is ambiguous and should be interpreted to provide coverage under subsection f(1)(d). KCI's argument is based on its contention that because subsection f(1)(d) specifically excludes coverage for situations in which the insured brings the pollutants onto the premises, it provides coverage for situations in which the insured does not bring the pollutants onto the premises. We disagree.

Subsection f(1)(d) applies to "any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations." We agree with Highlands that this subsection merely expands the pollution exclusion to cover "*any* premises," instead of only premises "at any time owned or occupied by, rented or loaned to" an insured, in situations where an insured undertakes certain designated activities. As such, we hold that the "plain, ordinary, and generally accepted"[2] meaning of subsection f(1)(d) is that it does not grant coverage in this situation.

### 3) Summary

Because we hold that subsection f(1)(a) affirmatively excludes coverage in this situa-

tion and that subsection f(1)(d) does not grant coverage, we hold that the trial court erred in denying Highlands's motion for summary judgment and in granting KCI's counter-motion for summary judgment. Because we hold that, as a matter of law, the pollution exclusion clause excludes coverage in this situation, we also hold that the trial court erred in awarding KCI damages and attorney's fees by granting KCI's second motion for summary judgment. Accordingly, we sustain Highlands's fifth point of error.

### CONCLUSION

Having sustained Highlands's fifth point of error,[3] we reverse the judgment of the trial court and render judgment in favor of Highlands.

---

**2.** *See Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984).

**3.** Because we reverse and render judgment in favor of Highlands based on its fifth point of error, we do address the merits of its other six points of error.