**TEXAS WORKERS' COMPENSATION INSURANCE FACILITY, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

**No. 01–97–01021–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 17, 1999.

---

Loren R. Smith, Hughes, Watters & Askanase, L.L.P., Houston, for Appellant.

Riley L. Burnett, Jr., Fulbright & Jaworski, Houston, Kevin L. Hood, Odenweller, Fabrega & Hood, L.L.P., Houston, for Appellee.

Panel consists of Justices MIRABAL, HEDGES, and ANDELL.

## OPINION

ANDELL, Justice.

The issue before us is whether a workers' compensation carrier, having paid benefits to an employee injured in a car accident, has a subrogation right when that employee subsequently sues and collects from the employer's "Uninsured/Underinsured Motorist Insurance" carrier. Texas Workers' Compensation Insurance Facility (TWCIF) appeals from a take nothing judgment in favor of Aetna Casualty & Surety Company (Aetna). We reverse.

## FACTS

On June 17, 1991, Robert North was injured in a car wreck during the course of his employment with Econo Lube N Tune (Econo Lube). TWCIF, Econo Lube's workers' compensation insurance carrier, paid $84,412.68 in benefits to or on behalf of North.

When North sued Econo Lube's "Uninsured/Underinsured Motorist Insurance" carrier, Aetna, TWCIF attempted to assert its subrogation right against Aetna. Aetna did not honor TWCIF's claim and settled with North for $175,000. As part of the settlement, North assigned to Aetna his right to recover on any claim against the driver that struck him. TWCIF then sued Aetna for reimbursement, conversion, equity, and unjust enrichment.

TWCIF and Aetna stipulated to all facts, and submitted to the trial court the

issue of whether TWCIF stated a viable claim. The court entered a take nothing judgment in favor of Aetna.

In its first three points of error, TWCIF complains the summary judgment violates its (1) statutory, (2) contractual, and (3) equitable subrogation rights. In its fourth point of error, TWCIF claims the court erred by not awarding actual damages plus pre-judgment and post-judgment interest and costs.

### EQUITABLE SUBROGATION

■ In point of error three, TWCIF claims the judgment violated its equitable subrogation right. A workers' compensation carrier's subrogation right is solely statutory. *See Johnson v. Second Injury Fund,* 688 S.W.2d 107, 108 (Tex.1985). There is no separate, equitable right of subrogation. *Employers Casualty Company v. Dyess,* 957 S.W.2d 884, 889 (Tex. App.—Amarillo 1997, writ denied).

We overrule point of error three.

### CONTRACTUAL AND STATUTORY SUBROGATION

In point of error two, TWCIF claims the judgment violated its contractual subrogation right. Because the parties cannot create a greater right by contract than that allowed by the statute, our analysis of TWCIF's statutory rights under point of error one necessarily subsumes any discussion relevant to TWCIF's contractual rights under point of error two. *See Johnson,* 688 S.W.2d at 108; *see Dyess,* 957 S.W.2d at 890–91.

■ In point of error one, TWCIF claims the judgment violated its statutory subrogation right. The statute delineating TWCIF's subrogation right at the time of North's injury provided, in pertinent part:

(a) If *a third party* is or becomes *liable to pay damages* for an injury or death which is compensable under this Act, the employee or legal beneficiary may seek damages from the third party. . . .

(b) If compensation is claimed under this Act by the injured employee or the employee's legal beneficiaries, the *insurance carrier* is subrogated to the rights of the injured employee and *may enforce* in the name of the injured employee or the legal beneficiaries *the liability of that other person* . . .

. . . .

(f) If at the conclusion of a third party action, a workers' compensation claimant is entitled to compensation, the net amount recovered by the claimant from the third party action shall be applied to reimburse the insurance carrier for past benefits and medical expenses paid. . . .

Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 33, *repealed by* Act of May 12, 1993, 73d Leg., R .S., ch. 269, § 1, sec. 417.001, 1993 Tex. Gen. Laws 1234 (current version at TEX. LAB. CODE ANN. § 417.001 (Vernon Supp.1999)) (emphasis added).

The parties disagree about the scope of the term "third party." TWCIF asserts the statute's plain language extends its subrogation right to claims against *any* third person potentially liable to the benefits recipient. Aetna contends the right is limited to claims against third party *tortfeasors.*

■ When statutory language is clear and unambiguous, a statute should be given its plain meaning. *Dyess,* 957 S.W.2d at 889. The language of the subrogation statute does not expressly limit TWCIF's rights to claims against third party tortfeasors. *See* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 122 (repealed 1993) (current version at TEX. LAB. CODE ANN. § 417.001 (Vernon Supp.1999)); *Dyess,* 957 S.W.2d at 890. Clearly, it would have been easy to do so. We find the plain language of the statute does not support Aetna's position.

Even so, Aetna relies on *Bogart v. Twin City Fire Insurance Company*, 473 F.2d 619 (5th Cir.1973), in which the Fifth Circuit determined third party subrogation rights are limited to claims against third party tortfeasors. Like the Amarillo Court in *Dyess*, we decline to follow the holding in *Bogart* because it is in conflict with the plain language of the Texas statute. *Dyess*, 957 S.W.2d at 890.

In *Bogart*, the Fifth Circuit cited several Texas cases for the proposition that the subrogation statute applied only to claims against third party tortfeasors. Though the cited cases all involved claims against third party tortfeasors, none of the those cases actually limited subrogation rights to such claims. *Dyess*, 957 S.W.2d at 890. In fact, none of the cases cited in *Bogart* involved the issue now before us. *Id.*

Although Aetna, itself, is not a third party tortfeasor, its obligations under the "Uninsured/Underinsured Motorist Insurance" coverage are measured by the damages attributable to the third party tortfeasor.

■ The purpose of the subrogation statute favors reading "third party" expansively. Section 417.001 was adopted to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. *See Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 923 (Tex.1966) (stating purpose of predecessor statute). Those purposes would be frustrated if, as here, the employee were permitted to retain both the compensation benefits and settlement proceeds based on the liability of the third party tortfeasor. *Id.* at 924.

We hold TWCIF's subrogation right extends to claims against an "Uninsured/Underinsured Motorist Insurance" carrier.

■ Still, Aetna argues that even if TWCIF's subrogation right extends to claims against those with contractual liability, like Aetna, it has no contractual liability because a clause in its contract with North's employer expressly forbids any benefit to workers' compensation carriers. We disagree. Because the clause would conflict with TWCIF's statutory right of subrogation, and because Econo Lube and Aetna have no ability to contractually abrogate TWCIF's statutory right, the clause is invalid. *Dyess*, 957 S.W.2d at 891.

■ Finally, Aetna argues the statute does not apply because insurance proceeds are not damages, and the statute only applies "if a third party is or becomes liable to pay damages." *See* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 33 (repealed 1993) (current version at TEX. LAB. CODE ANN. § 417.001 (Vernon Supp. 1999)). Again, we disagree. The uninsured/underinsured motorist insurance statute specifically provides for the payment of "damages." *See* TEX. INS. CODE ANN. § 5.06–1(5) (Vernon 1981) ("The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as *damages* . . .").

We sustain points of error one and two.

## DAMAGES

In point of error four, TWCIF claims the court erred by not awarding actual damages plus pre- and post-judgment interest and costs. The parties stipulated:

if TWCIF had a valid right of subrogation against Aetna, the amount that it is entitled to recover from Aetna in actual damages in this proceeding is $84,412.68.

Because we determined that TWCIF had a valid subrogation right, we conclude that TWCIF is entitled to $84,412.68 as admitted by Aetna, plus pre-judgment and post judgment interest and costs. We sustain point of error four.

We reverse the take-nothing judgment, and remand the cause to the trial court for further proceedings.