**CASUALTY RECIPROCAL EXCHANGE, Appellant,**

v.

**Julie Angela DEMOCK, Appellee.**

No. 08–00–00206–CV.

Court of Appeals of Texas, El Paso.

Feb. 21, 2002.

Peter R. Meeker, Austin, for appellant.

Robert L. Lovett, Lovett Law Firm, El Paso, for appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

**OPINION**

DAVID WELLINGTON CHEW, Justice.

Appellant Casualty Reciprocal Exchange ("Casualty") appeals from a grant of summary judgment in favor of Appellee Julie Angela Demock ("Demock"). The issue here is: Does a workers' compensation carrier have a statutory subrogation right against the employee's uninsured/underinsured motorist insurance carrier after having recovered damages from the third-party tortfeasor?

The facts are undisputed and taken from Casualty's brief. In the course and scope of her employment, Demock suffered severe injuries to her knee in a collision with

Enriqueta Adame. Demock elected to claim workers' compensation from Casualty, her employer's workers' compensation carrier, which paid her $41,182.68. Exercising its right of subrogation under Tex.Labor Code Ann. § 417.001(a), Casualty brought suit against Adame. Demock intervened in that suit. The parties settled the suit when Adame tendered her $20,000 insurance policy limit. The court in that suit ordered Demock receive $6,729.67 for attorney's fees and the remaining $13,270.33 to Casualty to offset the workers' compensation benefits paid to Demock.

Demock also had her own personal underinsured motorist insurance with Texas Farmers Insurance Company with a policy limit of $20,000. Texas Farmers filed a petition in interpleader to the 327th Judicial District Court of El Paso County because of Demock and Casualty's rival claim on Demock's $20,000 policy limit. Demock and Casualty filed cross-actions against each other. After Texas Farmers deposited the contested $20,000 into the court's registry, the trial court dismissed it from the suit. Demock and Casualty both moved for summary judgment, claiming entitlement to the $20,000, and the trial court granted summary judgment for Demock, awarding the entire $20,000 to "Demock and her attorney."

Under both the former and present law, a carrier like Casualty in this case has the right to reimbursement from benefits paid to the injured employee by a third-party tortfeasor, up to the amount of compensation paid, or recover the amount from the employee or the third-party tortfeasor. Tex.Lab.Code Ann. § 417.001 (Vernon 1996 and Vernon Supp.2002); *Tex. Workers' Comp. Ins. Fund v. Serrano*, 962 S.W.2d 536, 538 (Tex.1998); *Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 795 (Tex.1974). Recently, however, the Texas Supreme Court has stated that "any third-party recovery is 'burdened by the right of the insurance carrier to recoup itself for *compensation paid,*' " without distinguishing recovery from a third-party tortfeasor. [Emphasis in orig.]. *Serrano*, 962 S.W.2d at 538 (Tex.1998), *citing Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex.1992).

The emphasis of the interpretation of Section 417.001 of the Texas Labor Code is not only on a third-party's liability to an injured employee but the right of subrogation of a compensation carrier who has paid benefits to that employee. Tex.Lab. Code Ann. § 417.001(b). The purpose is to " 'prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public.' " *Granite State Ins. Co. v. Firebaugh*, 558 S.W.2d 550, 551 (Tex.Civ.App.-Eastland 1977, writ ref'd n.r.e.), *citing Capitol Aggregates, Inc. v. Great American Ins. Co.*, 408 S.W.2d 922 (Tex.1966). Although most cases interpreting the statute involve a third-party tortfeasor, the Amarillo Court of Appeals has held that the definition of "third-party" was not limited to third-party tortfeasors and could include an employer's uninsured motorist insurer. *Employers Cas. Co. v. Dyess*, 957 S.W.2d 884, 890–91 (Tex.App.-Amarillo 1997, writ denied). The Houston Court of Appeals followed *Dyess's* reasoning that if legislators meant to limit the definition of "third-party" to third-party tortfeasors, then they would have done so. *Tex. Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.*, 994 S.W.2d 923, 925–26 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Both Courts found it important that the injured employee could have a double recovery of benefits. *See Dyess*, 957 S.W.2d at 890; *Aetna Cas. & Sur. Co.*, 994 S.W.2d at 926. Casualty primarily relies upon *Dyess* and *Aetna*.

We find, however, that *Dyess* and *Aetna* are factually distinguishable. In *Dyess*

and *Aetna*, the subrogated policies belonged to the employer, but here, the underinsured motorist ("UIM") policy was purchased by and belonged to Demock, the significance of which is that we have two competing public policies. The Legislature declared it to be the public policy of this state to make uninsured motorist coverage a part of every liability insurance policy issued, with certain limited exceptions. *Francis v. Int'l Serv. Ins. Co.*, 533 S.W.2d 408, 410–11 (Tex.Civ.App.-Texarkana), *aff'd*, 546 S.W.2d 57 (Tex.1976). The purpose of the Uninsured or Underinsured Motorist Coverage Act is to protect an insured against negligent, financially irresponsible motorists by allowing the insured to collect damages for bodily injury. *Francis v. International Service Ins. Co.*, 546 S.W.2d 57, 60–1 (Tex.1976).

We fail to see how Demock's prudence in maintaining UIM coverage, which insurers are statutorily required to provide for the insured's benefit and for which she had paid a premium can be trumped by the subrogation provision. Indeed, construing the subrogation provision as if it stood alone would thwart the legislative intent and mandate that requires insurers to provide UIM motorist protection for persons such as Demock. We decline to do so.

We overrule the single issue and affirm the judgment of the trial court.