**CITY OF CORPUS CHRISTI,**
**Appellant,**

v.

**Norberta GOMEZ, Appellee.**

No. 13–02–198–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

July 22, 2004.

David Neblett, Todd A. Hunter, Hunter & Handel, Corpus Christi, for appellant.

Daniel F. Horne, Stone & Stone, Corpus Christi, for appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice YAÑEZ.

Appellant, the City of Corpus Christi ("the City"), appeals from a summary judgment in favor of appellee, Norberta Gomez ("Gomez"). The sole issue is whether the City, a self-insured entity that provides workers' compensation benefits to its employees, has a subrogation right to benefits paid to an injured employee under the employee's personal uninsured/underinsured ("UIM") insurance coverage. Because we hold the City has no subrogation right in such circumstances, we affirm.

## Background

Gomez was struck and injured by a motor vehicle while engaged in the course and scope of her employment with the City as a school crossing guard. The City, a self-insured political subdivision of the State, paid in excess of $78,513.13 in medical and indemnity benefits to Gomez. Gomez later settled a UIM claim with her personal insurance company and received $20,000. The City contends it has a subrogation right to the benefits paid to Gomez under her personal UIM insurance coverage pursuant to section 417.001(b) of the Labor Code.[1]

---

1. *See* Tex. Lab.Code Ann. § 417.001 (Vernon Supp.2004). Although section 417.001 was amended in 2003, *see* Act of May 22, 1993, 73rd Leg., R.S. ch. 269 § 1, 1993 Tex. Sess. Law Serv. 1235 (amended 1997 and 2003) (current version at Tex. Lab.Code Ann. § 417.001 (Vernon Supp.2004)), the amend-

The Texas Workers' Compensation Commission issued an administrative decision in the City's favor and Gomez appealed to the trial court. *See* Tex. Lab.Code Ann. § 410.251 (Vernon 1996) (party that has exhausted administrative remedies under statutory scheme entitled to judicial review). The parties agreed to submit the matter to the trial court on cross-motions for summary judgment based on an agreed statement of facts.[2] Gomez's motion for summary judgment contends there is "no support" for the City's position that it is entitled to subrogation. The trial court granted summary judgment in Gomez's favor.

We have summarized the following relevant facts included in the agreed statement of facts:

1) The City, as a political subdivision of the State of Texas, is self-insured and provides workers' compensation benefits to its employees through a third-party administrator.

2) While engaged in the course and scope of her employment with the City as a school crossing guard, Gomez suffered a compensable injury when she was struck by a motor vehicle driven by Manuel Garcia, Jr.

3) The City paid Gomez in excess of $73,513.13 in medical and indemnity benefits for her injuries as of the time of the trial.

4) Pursuant to chapter 417 of the labor code, as the worker's compensation carrier, the City is subrogated to the rights of its injured employee up to the amount of the benefits paid. This statutory lien may be enforced against the liability of a third party in the name of the injured employee. *See* Tex. Lab.Code Ann. § 417.001 (Vernon Supp.2004).

5) Geico, Garcia's liability insurance carrier, settled Gomez's claim for $25,000 and those funds were paid over to the City.

6) For ten years prior to the accident, Gomez had maintained, at her personal expense, UIM motorist protection with State Farm Insurance Company, by paying an additional premium of $16.00 a month for such coverage.

7) Without informing the City, Gomez settled her UIM claim with State Farm for the sum of $20,000 and kept the money.

8) The City claims a subrogation interest in the $20,000 State Farm paid Gomez, contending it is a third-party recovery pursuant to section 417.001(b) of the labor code.

9) Gomez contends the UIM settlement is a benefit derived from her own private insurance, and thus constitutes a first-party recovery not subject to the provisions of section 417.001(b).

■ Although the agreed statement of facts in the record is neither signed nor certified by the trial court as correct, we have previously held that strict compliance with rule 263 is not a prerequisite for an agreed case. *See Reed v. Valley Fed. Sav. & Loan Co.,* 655 S.W.2d 259, 264 (Tex. App.-Corpus Christi 1983, writ ref'd n.r.e.) (if parties stipulate all facts, case may be treated as a submission on agreed statement and strict compliance with rule 263 is not required); *see also Abbott v. Blue Cross & Blue Shield of Tex., Inc.,* 113 S.W.3d 753, 758 (Tex.App.-Austin 2003, pet. filed) (same) (citing *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.,* 784 S.W.2d 122, 125 (Tex. App.-Austin 1990, writ denied)); *State*

ments are unrelated to the issue here. Thus, we cite to the current version of the statute.

**2.** *See* Tex.R. Civ. P. 263.

*Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.-Fort Worth 1996, writ denied) (same).

## Standard of Review

This case was submitted to the trial court upon stipulated facts. Accordingly, we review the trial court's order to determine whether the trial court correctly applied the law to the stipulated facts. *See City of Harlingen v. Avila,* 942 S.W.2d 49, 51 (Tex.App.-Corpus Christi 1997, writ denied); *accord Thompson v. Cont'l Airlines,* 18 S.W.3d 701, 705 (Tex.App.-San Antonio 2000, no pet.); *Port Arthur I.S.D. v. Port Arthur Teachers Ass'n,* 990 S.W.2d 955, 957 (Tex.App.-Beaumont 1999, pet. denied); *Stewart v. Hardie,* 978 S.W.2d 203, 206 (Tex.App.-Fort Worth 1998, pet. denied). We limit our review to the stipulated facts unless other facts are necessarily implied from the stipulated facts. *Highlands Ins. Co. v. Kelley–Coppedge, Inc.,* 950 S.W.2d 415, 417 (Tex.App.-Fort Worth 1997), *rev'd on other grounds,* 980 S.W.2d 462 (Tex.1998). We review *de novo* whether the trial court correctly applied the law to the admitted facts. *Id.; see also Orange Cty. Appraisal Dist. v. Agape Neighborhood Improvement, Inc.,* 57 S.W.3d 597, 601 (Tex.App.-Beaumont 2001, pet. denied). Because a trial court has no discretion in deciding the law or its proper application, we defer less to the trial court than in ordinary reviews. *Highlands,* 950 S.W.2d at 417. In an appeal of an "agreed" case, there are no presumed findings in favor of the judgment, and the pleadings are immaterial. *Id.; Kessler,* 932 S.W.2d at 735.

## Applicable Law

A workers' compensation carrier's rights to subrogation are set out in section 417.001 of the Labor Code. The statute provides, in pertinent part, as follows:

(a) An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

(b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary.

Tex. Lab.Code Ann. § 417.001 (Vernon Supp.2004).

The subrogation statute was adopted to prevent overcompensation to an employee and to reduce the burden of insurance to employers and the public. *See Capitol Aggregates, Inc. v. Great Am. Ins. Co.,* 408 S.W.2d 922, 924 (Tex.1966) (stating purpose of the predecessor statute to section 417.001). The City argues that a workers' compensation carrier is entitled to subrogation, regardless of whether a UIM claim brought by its employee is made against a policy paid for by the employer or a policy paid for by the employee.

In support, the City relies primarily on *Texas Workers' Comp. Ins. Facility v. Aetna Cas. & Sur. Co.,* 994 S.W.2d 923, 926 (Tex.App.-Houston [1st Dist.] 1999, no pet.) and *Employers Cas. Co. v. Dyess,* 957 S.W.2d 884, 890 (Tex.App.-Amarillo 1998, writ denied). Unlike the present case, however, *Aetna* and *Dyess* both involved UIM claims brought against policies paid for and maintained by the injured employee's employer. *See Aetna,* 994 S.W.2d at 925; *Dyess,* 957 S.W.2d at 885. Here, Gomez brought her claim against a person-

al UIM policy that she paid for and maintained for ten years.

The issue before us was first addressed by the Fifth Circuit in *Bogart v. Twin City Fire Ins. Co.*, 473 F.2d 619 (5th Cir.1973). In that case, TransAmerica Insurance Company, the workers' compensation carrier and intervenor in the suit, argued that because it had paid benefits to an employee, it had a right of subrogation to the judgment, or any part of it, that the employee might obtain against the *employee's* own UIM insurance carrier. *See Bogart,* 473 F.2d at 627.

TransAmerica based its argument on former article 8307, section 6a,[3] which essentially provided a workers' compensation carrier a subrogation right "in any recovery the employee may obtain against the third person who, because of the circumstances under which the accident occurred, has a legal liability to pay damages." *Id.* TransAmerica argued that the statute's reference to a person with a "legal liability" implied a class larger than only tortfeasors and therefore included uninsured motorists insurance carriers. *Id.* at 628.

The *Bogart* court disagreed, noting that the workers' compensation insurance carrier's rights were derived solely from the subrogation statute and had been recognized only in actions involving a tortfeasor. *See id.* (citing *Consolidated Underwriters*

*v. Kirby Lumber Co.*, 267 S.W. 703, 706 (Tex.Com.App.1924)). The *Bogart* court cited several Texas cases limiting the statutory subrogation provisions to actual tortfeasors and noted that Bogart's recovery was not against a third-party tortfeasor. *See id.* at 629. In denying TransAmerica's claim, the court stated it recognized that the theory behind the subrogation statute is to reduce the burden of insurance to employers and the public, but noted that such a theory could not be used to create a subrogation right where none was available under the statute. *See id.*

The *Dyess* and *Aetna* courts disagreed with the holding of *Bogart*. *See Dyess,* 957 S.W.2d at 890; *Aetna,* 994 S.W.2d at 926. The *Dyess* court pointed out that although the Texas cases cited in *Bogart* involved subrogation claims by workers' compensation carriers against third-party tortfeasors, none of the cited cases specifically address whether subrogation rights are *limited* to third-party tortfeasors. *See Dyess,* 957 S.W.2d at 890. In declining to follow *Bogart,* the *Dyess* court stated it was unaware of any Texas cases expressly holding that subrogation rights are effective *only* as to third-party tortfeasors, and not to other third parties. *See id.*

In *Dyess,* the employer's UIM carrier also asserted that the workers' compensation carrier had no subrogation rights

---

**3.** Former article 8307 § 6a provided, in pertinent part:

> Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereto, the employee may proceed either at law against that person to recover damages or against the association for compensation under this law....
>
> If compensation be claimed under this law by the injured employee ... then the association shall be subrogated to the rights of the injured employee, and may enforce in the

> name of the injured employee ... the liability of said other person, and in case the recovery is for a sum greater than that paid or assumed by the association to the employee or his legal beneficiaries, then out of the sum so recovered the association shall reimburse itself and pay said costs and the excess so recovered shall be paid to the injured employee or his beneficiaries ....

*See* Act of May 15, 1973, 63rd Leg., R.S., ch. 88, § 10, 1973 Tex. Gen. Laws 193, *repealed by* Act of Dec. 13, 1989, 71st Leg., 2nd C.S. ch. 1, § 16.01(1), *1989* Tex. Gen. Laws *114* (current version at TEX. LAB.CODE ANN. § 417.001 (Vernon Supp.2004)).

against it because of a provision in the UIM carrier's policy providing that coverage did "not apply directly or indirectly to benefit [ ] any insurer or self-insurer under any workers' compensation, disability benefits or similar law." *See id.* (omission in original). The *Dyess* court held the clause invalid because it attempted to "contractually abrogate [the workers' compensation carrier's] statutory right." *See id.* at 891. The *Dyess* court concluded that the right of subrogation applied to any *parties* liable for Dyess's injury, regardless of whether the liability arose in tort or contract. *See id.*

The question before the court in *Aetna* was whether a workers' compensation carrier, after paying benefits to an injured employee, had a subrogation right when the employee subsequently sued and collected from the employer's UIM insurance carrier. *See Aetna,* 994 S.W.2d at 925. The parties disagreed about the scope of the statutory term "third party." *See id.* Like the *Dyess* court, the *Aetna* court declined to follow *Bogart's* holding that third-party subrogation rights are limited to claims against third-party tortfeasors. *See id.* at 926. The *Aetna* court found *Bogart's* holding to be in conflict with the Texas statute.[4] The compensation carrier contended that the plain language of the statute with respect to the term "third party" extended its subrogation rights against *any* third person potentially liable to the benefits recipient. *Id.* at 925. Aetna (the employer's UIM carrier) argued, however, that subrogation rights were limited to claims against third party *tortfeasors. Id.* (emphasis in original). The *Aetna* court concluded that the purpose of the subrogation statute favors an expansive reading of "third party" and therefore held that a workers' compensation carrier's subrogation right extends to claims against a UIM carrier. *Id.* at 926.

The issue before this Court was recently addressed by the San Antonio Court of Appeals in *Liberty Mut. v. Kinser,* 82 S.W.3d 71, 72 (Tex.App.-San Antonio 2002, pet. withdrawn).[5] In a well-reasoned opinion by Chief Justice Hardberger, the *Kinser* court held that a workers' compensation carrier does not have a subrogation right to benefits paid to an injured employee under the *employee's* UIM coverage. *See id.* at 79. The *Kinser* court reasoned that extending subrogation rights to a workers' compensation carrier in such circumstances results in the injured employee subsidizing the insurance company. *See id.* The court concluded that neither law nor equity would be satisfied by such a result. *See id.* We agree.

**4.** The subrogation statute at issue in *Aetna* stated, in pertinent part:

(a) If a *third party* is or becomes *liable to pay damages* for an injury or death which is compensable under this Act, the employee or legal beneficiary may seek damages from the third party ...
(b) If compensation is claimed under this Act by the injured employee or the employee's legal beneficiaries, the *insurance carrier* is subrogated to the rights of the injured employee and *may enforce* in the name of the injured employee or the legal beneficiaries *the liability of that other person* ... (emphasis added)

Act of December 11, 1989, 71st Leg., 2d C. S., ch. 1, § 4.05, 1989 Tex. Gen. Laws 122, *repealed by* Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, sec. 417.001, 1993 Tex. Gen. Laws 1234 (current version at TEX. LAB. CODE ANN. § 417.001 (Vernon Supp.2004)).

**5.** The *Kinser* court noted that the El Paso court reached a similar decision in *Cas. Reciprocal Exch. v. Demock,* 130 S.W.3d 74 (Tex. App.-El Paso 2002, no pet.) (not designated for publication). *See Liberty Mut. v. Kinser,* 82 S.W.3d 71, 79 n. 1 (Tex.App.-San Antonio 2002, pet. withdrawn). The *Kinser* court did not rely on *Demock* as authority, and neither do we. *See id.*

The facts in *Kinser* are similar to the present case. In *Kinser*, the workers' compensation carrier asserted a subrogation right to the UIM benefits payable to the employee under the employee's personal UIM insurance policy. *See id.* at 72.

The *Kinser* court noted that most jurisdictions resolve the issue of whether a workers' compensation carrier's rights extend to UIM benefits against the carrier. *See id.* at 76. The court also noted that the Texas Supreme Court has distinguished between damages awarded by a jury and benefits payable under a UIM policy. *See id.* at 79 (citing *Henson v. Southern Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 654 (Tex.2000)). In rejecting the workers' compensation carrier's right to subrogation benefits, the *Kinser* court held that "damages" as used in section 417.001(a) do not include UIM benefits under the claimant's personal insurance policy; rather, the term is limited to damages recovered from a third party who is liable to the injured employee because the third party breached a contract or committed a tortious act against the injured employee. *See id.* at 78.

■ In the present case, Gomez argues that unlike the circumstances in *Aetna* and *Dyess,* she collected benefits under her *personal* UIM policy and is therefore a first-party beneficiary. Gomez reasons that a person collecting under his or her *employer's* UIM insurance coverage is a third-party beneficiary because the employer pays the insurance premium. We agree. An employer's UIM coverage is intended to recoup those damages, as that term is used in section 417.001(a), recoverable from a third party who is liable to an injured employee because the third party committed a tortious act against the injured employee. Such UIM coverage is the result of an insurance contract between the employer and the insurance company, and the relationship of the injured employee to that contract is that of a third-party beneficiary.

■ Persons who are conscientious and thoughtful purchase their own UIM coverage to protect themselves against losses caused by negligent financially irresponsible motorists. *See Francis v. Int'l Serv. Ins. Co.*, 546 S.W.2d 57, 61 (Tex. 1976) (purpose of the [UIM] Act is ... to protect the conscientious and thoughtful motorist against losses caused by negligent financially irresponsible motorists.) The relationship between an insured who purchases personal UIM insurance coverage and the insurer is that of contracting parties. *See Henson,* 17 S.W.3d at 653. In such a relationship, the insurer is obligated to pay the insured benefits, not damages, when the insured is entitled to them. *See id.* at 654.

We agree with the reasoning of our sister court in *Kinser*. *See Kinser*, 82 S.W.3d at 78–79. We hold that a workers' compensation insurance carrier does not have a subrogation right to benefits paid to an injured employee under the employee's UIM insurance policy. Accordingly, we hold that the trial court did not err in its interpretation of the statute.

The JUDGMENT of the trial court is AFFIRMED.