No

















NUMBER 13-02-198-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                       
  
CITY OF CORPUS CHRISTI,                                                       Appellant,

v.
 
NORBERTA GOMEZ,                                                                  Appellee.
                                                                                                                                      

On appeal from the 148th District Court of Nueces County, Texas.
                                                                                                                       
   
O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Yañez
 
Appellant, the City of Corpus Christi (“the City”), appeals from a summary
judgment in favor of appellee, Norberta Gomez (“Gomez”). The sole issue is whether
the City, a self-insured entity that provides workers’ compensation benefits to its
employees, has a subrogation right to benefits paid to an injured employee under the
employee’s personal uninsured/underinsured (“UIM”) insurance coverage. Because we
hold the City has no subrogation right in such circumstances, we affirm. 
Background 
Gomez was struck and injured by a motor vehicle while engaged in the course
and scope of her employment with the City as a school crossing guard. The City, a self-insured political subdivision of the State, paid in excess of $78,513.13 in medical and
indemnity benefits to Gomez. Gomez later settled a UIM claim with her personal
insurance company and received $20,000. The City contends it has a subrogration
right to the benefits paid to Gomez under her personal UIM insurance coverage
pursuant to section 417.001 (b) of the Labor Code.



The Texas Workers’ Compensation Commission issued an administrative
decision in the City’s favor and Gomez appealed to the trial court. See Tex. Lab. Code
Ann. § 410.251 (Vernon 1996) (party that has exhausted administrative remedies under
statutory scheme entitled to judicial review). The parties agreed to submit the matter to
the trial court on cross-motions for summary judgment based on an agreed statement of
facts.


 Gomez’s motion for summary judgment contends there is “no support” for the
City’s position that it is entitled to subrogation. The trial court granted summary
judgment in Gomez’s favor. 
We have summarized the following relevant facts included in the agreed
statement of facts:1) The City, as a political subdivision of the State of Texas, is self-insured and provides
workers’ compensation benefits to its employees through a third-party administrator. 

2) While engaged in the course and scope of her employment with the City as a school
crossing guard, Gomez suffered a compensable injury when she was struck by a motor
vehicle driven by Manuel Garcia, Jr.

3) The City paid Gomez in excess of $73,513.13 in medical and indemnity benefits for
her injuries as of the time of the trial.

4) Pursuant to chapter 417 of the labor code, as the worker’s compensation carrier, the
City is subrogated to the rights of its injured employee up to the amount of the benefits
paid. This statutory lien may be enforced against the liability of a third party in the name
of the injured employee. See Tex. Lab. Code Ann. § 417.001 (Vernon Supp. 2004). 
 
5) Geico, Garcia’s liability insurance carrier, settled Gomez’s claim for $25,000 and
those funds were paid over to the City.

6) For ten years prior to the accident, Gomez had maintained, at her personal expense,
UIM motorist protection with State Farm Insurance Company, by paying an additional
premium of $16.00 a month for such coverage.

7) Without informing the City, Gomez settled her UIM claim with State Farm for the sum
of $20,000 and kept the money.

8) The City claims a subrogation interest in the $20,000 State Farm paid Gomez,
contending it is a third-party recovery pursuant to section 417.001(b) of the labor code. 

9) Gomez contends the UIM settlement is a benefit derived from her own private
insurance, and thus constitutes a first-party recovery not subject to the provisions of
section 417.001(b).
Although the agreed statement of facts in the record is neither signed nor
certified by the trial court as correct, we have previously held that strict compliance with
rule 263 is not a prerequisite for an agreed case. See Reed v. Valley Fed. Sav. & Loan 
Co., 655 S.W.2d 259, 264 (Tex. App.–Corpus Christi 1983, writ ref’d n.r.e.) (if parties
stipulate all facts, case may be treated as a submission on agreed statement and strict
compliance with rule 263 is not required); see also Abbott v. Blue Cross & Blue Shield
of Tex., Inc., 113 S.W.3d 753, 758 (Tex. App.–Austin 2003, pet. filed) (same) (citing
Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc., 784 S.W.2d
122, 125 (Tex. App.–Austin 1990, writ denied)); State Farm Lloyds v. Kessler, 932
S.W.2d 732, 735 (Tex. App.–Fort Worth 1996, writ denied) (same).
Standard of Review 
This case was submitted to the trial court upon stipulated facts. Accordingly, we
review the trial court's order to determine whether the trial court correctly applied the law
to the stipulated facts. See City of Harlingen v. Avila, 942 S.W.2d 49, 51 (Tex.
App.–Corpus Christi 1997, writ denied); accord Thompson v. Cont’l Airlines, 18 S.W.3d
701, 705 (Tex. App.–San Antonio 2000, no pet.); Port Arthur I.S.D. v. Port Arthur
Teachers Ass'n, 990 S.W.2d 955, 957 (Tex. App.–Beaumont 1999, pet. denied);
Stewart v. Hardie, 978 S.W.2d 203, 206 (Tex. App.–Fort Worth 1998, pet. denied). We
limit our review to the stipulated facts unless other facts are necessarily implied from the
stipulated facts. Highlands Ins. Co. v. Kelley-Coppedge, Inc., 950 S.W.2d 415, 417
(Tex. App.–Fort Worth 1997), rev'd on other grounds, 980 S.W.2d 462 (Tex. 1998). We
review de novo whether the trial court correctly applied the law to the admitted facts. 
Id.; see also Orange Cty. Appraisal Dist. v. Agape Neighborhood Improvement, Inc., 57
S.W.3d 597, 601 (Tex. App.–Beaumont 2001, pet. denied). Because a trial court has
no discretion in deciding the law or its proper application, we defer less to the trial court
than in ordinary reviews. Highlands, 950 S.W.2d at 417. In an appeal of an "agreed"
case, there are no presumed findings in favor of the judgment, and the pleadings are
immaterial. Id.; Kessler, 932 S.W.2d at 735.
Applicable Law
A workers’ compensation carrier’s rights to subrogation are set out in section
417.001 of the Labor Code. The statute provides, in pertinent part, as follows:
(a) An employee or legal beneficiary may seek damages from a third
party who is or becomes liable to pay damages for an injury or death that
is compensable under this subtitle and may also pursue a claim for
workers’ compensation benefits under this subtitle. 
 
(b) If a benefit is claimed by an injured employee or a legal beneficiary of
the employee, the insurance carrier is subrogated to the rights of the
injured employee and may enforce the liability of the third party in the
name of the injured employee or the legal beneficiary. 
 
Tex. Lab. Code Ann. § 417.001 (Vernon Supp. 2004). 
The subrogation statute was adopted to prevent overcompensation to an 
employee and to reduce the burden of insurance to employers and the public. See
Capitol Aggregates, Inc. v. Great Am. Ins. Co., 408 S.W.2d 922, 924 (Tex. 1966)
(stating purpose of the predecessor statute to section 417.001). The City argues that a
workers’ compensation carrier is entitled to subrogation, regardless of whether a UIM
claim brought by its employee is made against a policy paid for by the employer or a
policy paid for by the employee. 
In support, the City relies primarily on Texas Workers Comp. Ins. Facility v. Aetna
Cas. & Sur. Co., 994 S.W.2d 923, 926 (Tex. App.–Houston [1st Dist.] 1999, no pet.) and
Employers Cas. Co. v. Dyess, 957 S.W.2d 884, 890 (Tex. App.–Amarillo 1991, writ
denied). Unlike the present case, however, Aetna and Dyess both involved UIM claims
brought against policies paid for and maintained by the injured employee’s employer. 
See Aetna, 994 S.W.2d at 925; Dyess, 957 S.W.2d at 885. Here, Gomez brought her
claim against a personal UIM policy that she paid for and maintained for ten years. 
The issue before us was first addressed by the Fifth Circuit in Bogart v. Twin City
Fire Ins. Co., 473 F.2d 619 (5th Cir. 1973). In that case, TransAmerica Insurance
Company, the workers’ compensation carrier and intervenor in the suit, argued that
because it had paid benefits to an employee, it had a right of subrogation to the
judgment, or any part of it, that the employee might obtain against the employee’s own
UIM insurance carrier. See Bogart, 473 F.2d at 627. 
TransAmerica based its argument on former article 8307, section 6a,


 which
essentially provided a workers’ compensation carrier a subrogation right “in any
recovery the employee may obtain against the third person who, because of the
circumstances under which the accident occurred, has a legal liability to pay damages.” 
Id. Transamerica argued that the statute’s reference to a person with a “legal liability”
implied a class larger than only tortfeasors and therefore included uninsured motorists
insurance carriers. Id. at 628.
The Bogart court disagreed, noting that the workers’ compensation insurance
carrier’s rights were derived solely from the subrogation statute and had been
recognized only in actions involving a tortfeasor. See id. (citing Consolidated
Underwriters v. Kirby Lumber Co., 267 S.W.2d 703, 706 (Tex. Comm’n App. 1924)). 
The Bogart court cited several Texas cases limiting the statutory subrogation provisions
to actual tortfeasors and noted that Bogart’s recovery was not against a third-party
tortfeasor. See id. at 629. In denying Transamerica’s claim, the court stated it
recognized that the theory behind the subrogation statute is to reduce the burden of
insurance to employers and the public, but noted that such a theory could not be used
to create a subrogation right where none was available under the statute. See id.
The Dyess and Aetna courts disagreed with the holding of Bogart. See Dyess,
957 S.W.2d at 890; Aetna, 994 S.W.2d at 926. The Dyess court pointed out that
although the Texas cases cited in Bogart involved subrogation claims by workers’
compensation carriers against third-party tortfeasors, none of the cited cases
specifically address whether subrogation rights are limited to third-party tortfeasors. 
See Dyess, 957 S.W.2d at 890. In declining to follow Bogart, the Dyess court stated it
was unaware of any Texas cases expressly holding that subrogation rights are effective
only as to third-party tortfeasors, and not to other third parties. See id.
In Dyess, the employer’s UIM carrier also asserted that the workers’
compensation carrier had no subrogation rights against it because of a provision in the
UIM carrier’s policy providing that coverage did “not apply directly or indirectly to benefit
[ ] any insurer or self-insurer under any workers’ compensation, disability benefits or
similar law.” See id. (omission in original). The Dyess court held the clause invalid
because it attempted to “contractually abrogate [the workers’ compensation carrier’s]
statutory right.” See id. at 891. The Dyess court concluded that the right of subrogation
applied to any parties liable for Dyess’s injury, regardless of whether the liability arose in
tort or contract. See id. 
          The question before the court in Aetna was whether a workers’ compensation
carrier, after paying benefits to an injured employee, had a subrogation right when the
employee subsequently sued and collected from the employer’s UIM insurance carrier. 
See Aetna, 994 S.W.2d at 925. The parties disagreed about the scope of the statutory
term “third party.” See id. Like the Dyess court, the Aetna court declined to follow
Bogart’s holding that third-party subrogation rights are limited to claims against third-party tortfeasors. See id. at 926. The Aetna court found Bogart’s holding to be in
conflict with the Texas statute.


 The compensation carrier contended that the plain
language of the statute with respect to the term “third party” extended its subrogation
rights against any third person potentially liable to the benefits recipient. Id. at 925. 
Aetna (the employer’s UIM carrier) argued, however, that subrogation rights were
limited to claims against third party tortfeasors. Id. (emphasis in original). The Aetna
court concluded that the purpose of the subrogation statute favors an expansive reading
of “third party” and therefore held that a workers’ compensation carrier’s subrogation
right extends to claims against a UIM carrier. Id. at 926. 
          The issue before this Court was recently addressed by the San Antonio Court of
Appeals in Liberty Mut. v. Kinser, 82 S.W.3d 71, 72 (Tex. App.–San Antonio 2002, pet.
withdrawn).


 In a well-reasoned opinion by Chief Justice Hardberger, the Kinser court
held that a workers’ compensation carrier does not have a subrogation right to benefits
paid to an injured employee under the employee’s UIM coverage. See id. at 79. The
Kinser court reasoned that extending subrogation rights to a workers’ compensation
carrier in such circumstances results in the injured employee subsidizing the insurance
company. See id. The court concluded that neither law nor equity would be satisfied by
such a result. See id. We agree. 
          The facts in Kinser are similar to the present case. In Kinser, the workers’
compensation carrier asserted a subrogation right to the UIM benefits payable to the
employee under the employee’s personal UIM insurance policy. See id. at 72. 
          The Kinser court noted that most jurisdictions resolve the issue of whether a
workers’ compensation carrier’s rights extend to UIM benefits against the carrier. See
id. at 76. The court also noted that the Texas Supreme Court has distinguished
between damages awarded by a jury and benefits payable under a UIM policy. See id.
at 79 (citing Henson v. Southern Farm Bureau Cas. Ins. Co., 17 S.W.3d 652, 654 (Tex.
2000)). In rejecting the workers’ compensation carrier’s right to subrogation benefits,
the Kinser court held that “damages” as used in section 417.001(a) do not include UIM
benefits under the claimant’s personal insurance policy; rather, the term is limited to
damages recovered from a third party who is liable to the injured employee because the
third party breached a contract or committed a tortious act against the injured employee. 
See id. at 78.
          In the present case, Gomez argues that unlike the circumstances in Aetna and
Dyess, she collected benefits under her personal UIM policy and is therefore a first-party beneficiary. Gomez reasons that a person collecting under his or her employer’s
UIM insurance coverage is a third-party beneficiary because the employer pays the
insurance premium. We agree. An employer’s UIM coverage is intended to recoup
those damages, as that term is used in section 417.001(a), recoverable from a third
party who is liable to an injured employee because the third party committed a tortious
act against the injured employee. Such UIM coverage is the result of an insurance
contract between the employer and the insurance company, and the relationship of the
injured employee to that contract is that of a third-party beneficiary. 
Persons who are conscientious and thoughtful purchase their own UIM coverage
to protect themselves against losses caused by negligent financially irresponsible
motorists. See Francis v. Int’l Serv. Ins. Co., 546 S.W.2d 57, 61 (Tex. 1976) (purpose
of the [UIM] Act is . . . to protect the conscientious and thoughtful motorist against
losses caused by negligent financially irresponsible motorists.) The relationship
between an insured who purchases personal UIM insurance coverage and the insurer is
that of contracting parties. See Henson, 17 S.W.3d at 653. In such a relationship, the
insurer is obligated to pay the insured benefits, not damages, when the insured is
entitled to them. See id. at 654. 
          We agree with the reasoning of our sister court in Kinser. See Kinser, 82 S.W.3d
at 78-79. We hold that a workers’ compensation insurance carrier does not have a
subrogation right to benefits paid to an injured employee under the employee’s UIM
insurance policy. Accordingly, we hold that the trial court did not err in its interpretation
of the statute.
          The JUDGMENT of the trial court is AFFIRMED. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



Opinion delivered and filed this the
22nd day of July, 2004.